UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| David Oppenheimer,<br><br>                    Plaintiff,<br><br>vs.<br><br>Daniel M. Sikorra, Linda C. Sikorra, Burt Waters, Fontana Realty, LLC, Rockledge Partners, LLC, Marian E. Schaffer, dba Southeast Discovery, The Schaffer Realty Group, Ltd., Private Communities Registry Inc.,<br><br>                    Defendants. | CASE NO.:  1:18-cv-118<br><br>ANSWER OF DEFENDANTS DANIEL SIKORRA, LINDA SIKORRA, BURT WATERS AND ROCKLEDGE PARTNERS, LLC<br>(Jury Trial Demanded) |

NOW COME Defendants Daniel M. Sikorra, Linda C. Sikorra, Burt Waters and Rockledge Partners, LLC, ("these Defendants" or "the Answering Defendants") by and through undersigned counsel, and hereby respond to the Plaintiff's Complaint as follows:

1.     It is admitted that the Plaintiff has alleged causes of action based upon the cited Chapters.  Except as admitted, the allegations are denied.

2.     Admitted.

3.     These Defendants lack sufficient information to admit or deny.  Therefore, the allegations are denied.

4.     It is admitted that Daniel Sikorra and Linda Sikorra are citizens and residents of North Carolina and that they have waived personal service.  Except as admitted, the allegations are denied.

5.     It is denied that Burt Waters is a citizen and resident of North Carolina.  It is admitted that he has waived personal service.  Except as admitted, the allegations

are denied.

6.      It is admitted upon information and belief that Defendant Fontana is a North Carolina corporation and that it has waived personal service. Except as admitted, the allegations are denied.

7.      It is admitted that Defendant Rockledge Partners, LLC is a North Carolina entity with a principal place of business in Bryson City, North Carolina. It is further admitted that Defendant Rockledge Partners, LLC has waived personal service. Except as admitted, the allegations are denied.

8.      These Defendants lack sufficient information to admit or deny the allegations. Therefore, the allegations are denied.

9.      These Defendants lack sufficient information to admit or deny the allegations. Therefore, the allegations are denied.

10.     These Defendants lack sufficient information to admit or deny the allegations. Therefore, the allegations are denied.

11.     These Defendants lack sufficient information to admit or deny the allegations. Therefore, the allegations are denied.

12.     These Defendants lack sufficient information to admit or deny the allegations. Therefore, the allegations are denied.

13.     These Defendants lack sufficient information to admit or deny the allegations. Therefore, the allegations are denied.

14.     These Defendants lack sufficient information to admit or deny the allegations. Therefore, the allegations are denied.

15.     These Defendants lack sufficient information to admit or deny the

2

allegations. Therefore, the allegations are denied.

16. These Defendants lack sufficient information to admit or deny the allegations. Therefore, the allegations are denied.

17. Denied.

18. These Defendants lack sufficient information to admit or deny the allegations. Therefore, the allegations are denied.

19. It is admitted that Plaintiff's counsel communicated with these Defendants. Except as admitted, the allegations are denied.

20. Denied.

## FIRST CAUSE OF ACTION – COPYRIGHT INFRINGEMENT

21. These Defendants hereby reallege and incorporate by reference their responses to Paragraphs 1 through 20 as if fully restated herein.

22. Denied.

23. Denied.

## SECOND CAUSE OF ACTION – CONTRIBUTORY COPYRIGHT INFRINGEMENT

24. These Defendants hereby reallege and incorporate by reference their responses to Paragraphs 1 through 23 as if fully restated herein.

25. Denied.

## THIRD CAUSE OF ACTION – VICARIOUS COPYRIGHT INFRINGEMENT

26. These Defendants hereby reallege and incorporate by reference their responses to Paragraphs 1 through 25 as if fully restated herein.

27. It is denied that these Defendants performed any infringing acts. It is admitted that Defendants Daniel Sikorra and Linda Sikorra owned Defendant Fontana

3

Realty, LLC. It is further admitted that Defendants Daniel Sikorra and Burt Waters owned Defendant Rockledge Partners, LLC. Except as admitted, the allegations are denied.

28.     It is denied that these Defendants performed any infringing acts. It is admitted that Defendants Daniel Sikorra and Linda Sikorra owned Defendant Fontana Realty, LLC. It is further admitted that Defendants Daniel Sikorra and Burt Waters owned Defendant Rockledge Partners, LLC. Except as admitted, the allegations are denied.

29.     Denied.

## FOURTH CAUSE OF ACTION – VIOLATIONS OF THE DMCA

30.     These Defendants hereby reallege and incorporate by reference their responses to Paragraphs 1 through 29 as if fully restated herein.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

## DAMAGES

37.     Denied.

38.     Denied.

## RELIEF REQUESTED

39.     Denied.

4

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## FIRST AFFIRMATIVE DEFENSE

These Defendants hereby assert that if they are found to have infringed upon the Plaintiff's copyrighted image, which is denied, then such actions would constitute an innocent infringement. The alleged image used by one or more of the Defendants did not contain any information on its face that it was a copyrighted work, and the Defendants were unaware and had no reason to believe that their acts constituted an infringement of the Plaintiff's copyright.

**WHEREFORE**, having fully answered the Plaintiff's Complaint, these Defendants respectfully pray this Court for the following relief:

1. That the Plaintiff's Complaint be dismissed with prejudice;

2. That the Plaintiff have and recover nothing of these Defendants;

5

3.  That the costs of this action be taxed to the Plaintiff;

4.  That all issues of fact be tried by jury; and

5.  For such other and further relief as the Court deems just and proper.


CLAWSON and STAUBES, PLLC


_/s/ Jeremy S. Foster_____
Jeremy S. Foster (NC Bar No.:  36760)
756 Tyvola Road, Suite 130
Charlotte, North Carolina 28217-3629
Phone:    (704) 940-9128
Fax:        (704) 522-9033
Email:     jfoster@clawsonandstaubes.com
Attorney for Rockledge Partners, LLC


CAUDLE & SPEARS, PA

_/s/ Harold C. Spears_____
Harold C. Spears (NC Bar No.: 8989)
Caudle & Spears, PA
121 W. Trade St., STE 2600
Charlotte, NC 28202-1193
Phone: (704) 377-1200
Fax: (704) 388-5858
Email: hsoears@caudlespears.com
Attorney for Dan Sikorra and Linda Sikorra


Charlotte, North Carolina
June 29ᵗʰ, 2018

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Answer of Dan Sikorra, Linda Sikorra, Burt Waters & Rockledge Partners, LLC was served upon the following parties on the _29th_ day of June, 2018, via:

| | |
|---|---|
| x | United States Postal Service |
| | Facsimile |
| x | Electronic Email |
| | Via Hand Delivery |

Dana LeJune
LeJune Law Firm
6525 Washington Ave Ste 300
Houston, TX 77007-2112
Email Address: dlejune@triallawyers.net
Attorney For: David Oppenheimer

_____/s/ Jeremy S. Foster_____
Jeremy S. Foster, Esq.